*788 FITZWATER, District Judge,
concurring in part and dissenting in part:
I join completely the majority’s resolution of plaintiffs First Amendment claim, and therefore concur in part I of its opinion. I also agree with certain portions of the majority’s analysis of plaintiffs Texas Whistle Blower Act claim, and therefore join part 11(A) of the opinion. Because I do not agree that the trial court’s instruction regarding the causation element of plaintiffs Whistle Blower claim constitutes reversible error, I respectfully dissent from part 11(B). I would uphold the Whistle Blower judgment insofar as it awards actual damages, and I would address defendants’ contention — unreached by the majority — that the jury’s award of punitive damages must be reversed because there is no evidence of the malicious conduct that is necessary to support such a recovery.
I
The majority correctly analyzes the jurisprudence that governs our review of the trial court’s instructions. I do not quarrel with its discussion of the applicable law. I am unable, however, to join the conclusion that the trial court’s Whistle Blower causation instruction constitutes reversible error.
A
I would hold as a threshold matter that defendants did not comply with the requirement that they submit a proposed instruction that correctly states the law. See FDIC v. Mijalis, 15 F.3d 1314, 1318 (5th Cir.1994).
Defendants requested that the trial court give the following instruction “for both the First Amendment and Whistle Blower action,” see Appellants Br. at 28:
If you find that the Plaintiff has established each element of his claim, you must then decide whether the Defendant has shown by a preponderance of the evidence that he would have dismissed the Plaintiff for other reasons even if the Plaintiff had not exercised his protected speech activity. If you find that the Defendant would have dismissed the Plaintiff for insubordination, then your verdict should be for the Defendant. If you find for the Plaintiff against the Defendant on their defense, you must then decide the issue of Plaintiffs damages.
Id. (quoting requested instruction).
This instruction did not apply uniformly to both claims.[1] By referring in the first sentence to “protected speech activity,” the instruction did not correctly state the law applicable to the Whistle Blower claim.
Moreover, assuming that the second and third sentences can be removed from the instruction as a whole and analyzed in isolation, they likewise do not correctly state the law. The second sentence instructs the jury that it should return a verdict for the defendant if the jury finds “that the Defendant would have dismissed the Plaintiff for insubordination.” (emphasis added). I would hold that this instruction is susceptible of either of these two meanings: that defendant in fact dismissed plaintiff for insubordination (the meaning defendants-appellants give it), or that defendant intended at some point to dismiss plaintiff for insubordination, but instead terminated him on some other basis.
Because the requested instruction is itself ambiguous,[2]1 would hold that the trial court did not commit reversible error when it refused to give the instruction to the jury.
B
I also respectfully disagree with the majority’s conclusion that the jury could reasonably have interpreted the causation instruction to allow it to find defendants liable *789 merely for reprimanding plaintiff for insubordination rather than for conduct protected by the Texas Whistle Blower Act.
The majority quotes the causation element by inserting ellipses in place of the words “after reporting violations of the law and.” See maj. op. at 787. It then concludes that this edited form of the causation element, which reads, “He was discharged ... because he made such a report,” is susceptible of two meanings. Id. I would hold that the causation instruction, viewed as a whole, properly guided the jury. Stated in its entirety, the instruction informed the jury that plaintiff was obligated to prove that “He was discharged after reporting violations of the law and because he made such a report.” By my light, this instruction correctly advised the jury that plaintiff was required to establish that he was discharged because he reported violations of the law, and not because of other factors, such as insubordination. I would not reverse the jury verdict on the basis of the causation instruction.
C
I likewise do not join the majority’s conclusion that the trial court should have given an instruction like the one in Knowlton v. Greenwood Indep. Sch. Dist., 957 F.2d 1172, 1179 (5th Cir.1992). See maj. op. at 787.
It bears noting, at the outset, that the causation instruction that the majority rejects today is very similar to the one given in Knowlton. See 957 F.2d at 1179 n. 10 (instructing jury that plaintiff must prove inter alia that she was “discharged after reporting a violation of the law and for the reason that she made such a report”). But aside from that, the particular Knowlton instruction that the majority would require was neither requested by defendants nor shown to be applicable to the present ease.
The majority holds that the trial court should have instructed the jury that
The defendant may rebut this presumption by offering evidence and proving the defendant fired such plaintiff for a nondis-eriminatory reason.
Maj. op. at 787 (quoting Knowlton, 957 F.2d at 1179) (emphasis added) (footnote deleted). The words “may rebut this presumption” are significant, because in Knowlton the district court also instructed the jury that if the plaintiff met her burden of proof as to all applicable elements, then the jury must presume that the plaintiff was discharged or suspended in violation of the Act. See Knowlton, 957 F.2d at 1179 n. 10. The instruction that the majority concludes “is precisely the instruction that should have been given here,” see maj. op. at 787, was required in Knowlton to counterbalance the directive that the jury presume a violation of the Act. In the present case, however, defendants have not shown that the trial court gave a presumption instruction like the one in Knowlton. Accordingly, I respectfully disagree with the conclusion that the trial court committed reversible error in this respect.
II
I concur in parts I and 11(A) of the majority opinion, and respectfully dissent from part 11(B) and the majority’s failure to reach the punitive damages question. Because I would not reverse the finding of Whistle Blower Act liability, I would reach the merits of defendants’ contention that the Whistle Blower punitive damages award is not supported by the necessary evidence of malicious conduct.

. The majority opinion expressly differentiates between the First Amendment and Whistle Blower claims. See maj. op. at 787.

. This ambiguity apparently arises from defendants' misuse of “would have” as an auxiliary verb form in place of the word "had” in a conditional clause introduced by the word "if.” For the second sentence to read as defendants likely intended it, the sentence should have stated, "If you find that the Defendant had dismissed the Plaintiff for insubordination, then your verdict should be for the Defendant.”